ELIZABETH SMALLWOOD *v.* DAVID C. PRATT, Sheriff, and another.

Under a judgment against a husband and wife, *in solido,* the sheriff may levy on the separate property of either.

The husband, as the head of the community, has a right to alienate its property. When done collusively, for the purpose of injuring the wife, she has her remedy against his heirs, after his death, under art. 2373 of the Civil Code, and, perhaps, after a separation from bed and board.

APPEAL from the District Court of Claiborne, *Campbell, J.*

*Brent,* for the appellant.

*Tuomey,* for the defendants.

MORPHY, J. The plaintiff has appealed from a judgment dissolving an injunction she had sued out to stay the sale of a slave, her separate and paraphernal property, seized under a *fi. fa.* issued by virtue of a judgment obtained by Harrison against her husband, William Smallwood, and herself, for a debt which she avers was not due by her, but by the community. She alleges that, under

the said writ, a quarter section of land on the east bank of Red River, which was community property, and of sufficient value to pay Harrison's demand, was levied upon, and advertised to be sold on the 23d of January, 1841, and that on the appointed day Harrison appeared at the place of sale, and discharged the levy. She further alleges, that with a view to harrass and injure her, Harrison colluded with one Reuben White and others, and procured from her husband in Texas a fraudulent sale of the said tract of land to Reuben White, for the purpose of getting the latter to enjoin the sale of the land, and for a pretext to have her slave levied upon and sold ; and that she has requested the sheriff to levy on the land, which he has done, but also seized the said slave, though knowing him to be her paraphernal property.

The record shows that the petitioner and her husband were sued on their joint note, and that a judgment was rendered against them, *in solido*, which has never been annulled or appealed from. Whatever we may think of the judgment, we cannot go behind it to inquire whether the debt was originally due by the wife, or by the community. The sheriff could, therefore, properly levy on the slave seized, admitting him to be her separate property, which, under the evidence she has adduced, may perhaps be questioned. But the appellant further complains that the tract of land, which was first levied on, was not sold to satisfy Harrison's execution, because he discharged the levy on the day of the sale. When property is once levied upon and advertised to be sold, it is doubtful whether the plaintiff in execution can, without the consent of the debtor, discharge the levy, or retard the sale, and thus continue at the risk of the latter the thing seized, which, if it be of a perishable nature, may be lost to him in consequence of such delay. But in the present case, the debtor's consent was given shortly after, for he availed himself of this release to sell the land. This sale, the appellant urges, was made by her husband, collusively with Harrison, and Reuben White, the purchaser. As the head of the community, William Smallwood had undoubtedly the right of alienating property belonging to it. If he did so fraudulently, and for the purpose of injuring his wife, she is without any immediate remedy, at least in this suit, as the law has provided for her a recourse against his heirs, after his death. Civ. Code, art. 2373. Al-

though this law seems to contemplate only the case of a disso-
lution of the community by the death of the husband, yet the
wife would not, perhaps, be without relief, in case of a sepa-
ration from bed and board, were it proved that the husband had
alienated property of the community in fraud of her rights.
*Tourné* v. *Tourné.* 9 La. 458. The evidence does not show, as
alleged by the petition, that the sheriff levied a second time on the
land, but only that she pointed it out to him. He may have con-
sidered that she had no right to point out property of her husband,
to pay a debt for which she was personally liable. It appears,
moreover, that by reason of some dispute about the title, he re-
fused to sell the land, unless some one would give him a bond of
indemnity. This Harrison declined doing, but put into his hands
the slave in question. Having a writ against both the wife and
the husband, the sheriff properly levied on the property thus
pointed out to him.

*Judgment affirmed.*